1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   ROGER W. HAIRSTON,              )   No. C 06-1517 JSW (PR)
                                    )
8           Petitioner,             )
                                    )
9      vs.                          )   **ORDER TO SHOW CAUSE**
                                    )
10  ARNOLD SCHWARZENEGGER and       )
    A. P. KANE, Warden,             )
11                                  )
            Respondent.             )
12                                  )

13  _____

14                   **INTRODUCTION**

15          Petitioner, a prisoner of the State of California, currently incarcerated at San

16  Quentin State Prison in San Quentin, California, has filed a habeas corpus petition

17  pursuant to 28 U.S.C. § 2254 challenging the decision of the Governor of California, who

18  on March 15, 2005 reversed the earlier determination of the Board of Prison Terms,

19  finding Petitioner suitable for parole.[1]  Petitioner has paid the filing fee.  This order

20

21  _____

            [1]The rules governing relief under 28 U.S.C. § 2254 require a person in custody
22  pursuant to the judgment of a state court to name the "'state officer having custody'" of
    him as the respondent.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996)
23  (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254).
    This person typically is the warden of the facility in which the petitioner is incarcerated.
24  *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to
    name the petitioner's custodian as a respondent deprives federal courts of personal
25  jurisdiction, *see id.*  Because Petitioner failed to name the warden of the facility in which
    he is incarcerated, the court has joined Petitioner's custodian *sua sponte* pursuant to
26  Federal Rule of Civil Procedure 19(a), *see Silveyra v. Moschorak*, 989 F.2d 1012, 1015
    n.3 (9th Cir. 1993) (citing *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905,
27  912 (9th Cir. 1991)).

28

directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of murder in Los Angeles County Superior Court in 1986 and was sentenced to 17 years-to-life in state prison.  In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence.  Petitioner contends that the denial of parole by the Governor of California during parole suitability proceedings in 2004-05 violated his right to due process.  He alleges that he has exhausted state judicial remedies as to all of the claims raised in his federal petition.

## DISCUSSION

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II      Legal Claims

Petitioner alleges that his constitutional rights were violated by the Governor's parole denial in 2005.  Liberally construed, the allegations are sufficient to warrant a response from Respondent.  *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: July 14, 2006

_____
JEFFREY S. WHITE
United States District Judge

3